UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Greene, | ) | C/A No. 5:16-cv-00587-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Bryan P. Stirling; | ) | |
| Jerry B. Adger; | ) | |
| Cecilia Reynolds; | ) | |
| Angelica Brown; | ) | |
| Vivian McCall; | ) | |
| Tonia Washington; | ) | |
| Tonya Nelson; | ) | |
| Sophia Richardson; | ) | |
| Sara Adger; | ) | |
| Ms. Smith, and | ) | |
| Jason Summers, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

At the time he filed this case, Christopher Greene ("Plaintiff") was an inmate at Evans Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. ECF Nos. 1-1; 6. In his Answers to the Court's Special Interrogatories, Plaintiff confirms that he is no longer incarcerated and his release was not occasioned by a grant of parole. ECF No.

12. Thus, it appears that Plaintiff's release from custody was the result of completion of his sentence.

In the Complaint filed in this case, Plaintiff alleges that his constitutional rights were violated by officials and employees of SCDC and the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS") when he was convicted of a disciplinary violation. The disciplinary-violation conviction was based on a charge imposed against him in July 2015 at Lee Correctional Institution when he did not agree to attending a specific alcohol-treatment program as a condition of parole. Compl. 3-8, ECF No. 1. Plaintiff claims that the conviction and the disciplinary proceedings leading up to the conviction violated his first, eighth, and fourteenth amendment rights because they were based on a mix-up in communications among various SCDC and SCDPPP officials/employees. *Id*. In his Answers to the Court's Special Interrogatories, Plaintiff states that the sanctions he received on the conviction were 1) loss of canteen privileges for 30 days, 2) loss of telephone privileges for 30 days, and 3) loss of 30 days of good-time credits. ECF No. 12. He asserts that he was improperly punished for doing something he had full rights to do, *i.e.*, refuse conditional parole. ECF No. 1 at 6. Plaintiff contends that he was within his rights in rejecting the conditional parole that had been offered because he thought it would unreasonably delay his leaving prison if he were required to attend an overcrowded alcohol treatment program. *Id*. at 7. Plaintiff seeks a declaratory judgment and damages in the amount of $35,000.00. *Id*. at 9.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

Plaintiff's § 1983 Complaint is subject to summary dismissal because loss of accrued good-time credits was one of the sanctions entered on the disciplinary conviction that he contests and, therefore, Plaintiff's only remedy for the alleged constitutional violations is through a habeas petition, not a § 1983 complaint. It is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v.*

*Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). *Cf. Muhammad v. Close,* 540 U.S. 749, 755 (2004) (§ 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction).[1] The holdings of *Heck* and *Preiser*, as applicable to challenges to prison disciplinary procedures under which forfeited good-time credits may be restored, were confirmed by the United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). Referencing both *Heck* and *Preiser*, along with *Edwards v. Balisok,* 520 U.S. 641 (1997), and *Wolf v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated,

> These cases . . . taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>         . . . .
> Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought – restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release – was available in habeas.

544 U.S. at 82, 86 (citations omitted); *see, e.g., Cabbagestalk v. Hardin*, No. 5:13-cv-2974-RMG, 2014 WL 2881930 (D.S.C. June 25, 2014) (§ 1983 challenge to prison disciplinary process barred by *Heck*); *Battle v. Eagleton*, 8:07-cv-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008), *aff'd*, 308 F. App'x 692 (4th Cir. 2009) ("A prisoner cannot bring a § 1983 action

---

[1] Plaintiff's claims for damages allegedly arising from violation of his federal constitutional rights are considered by this court under its federal-question jurisdiction pursuant to 42 U.S.C. § 1983, which is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 731-32 (1989). In appropriate circumstances, § 1983 is used to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted).

challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated.").[2]

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

April 14, 2016                                                               Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] The court offers no opinion as to Plaintiff's potential success as to any habeas corpus petition he might file.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).