**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | |
|---|---|
| Christopher Greene, III, ) | |
| ) | Civil Action No.: 5:16-cv-00587-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bryan P. Stirling; Jerry B. Adger; Cecilia ) | |
| Reynolds; Angelica Brown; Vivian ) | |
| McCall; Tonia Washington; Tonya Nelson; ) | |
| Sophia Richardson; Sara Adger; Ms. Smith; ) | |
| and Jason Summers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Christopher Greene ("Plaintiff"), proceeding pro se and *in forma pauperis*, seeks relief pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at Evans Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. (ECF No. 1-1). However, it appears that Plaintiff has completed his sentence and has since been released. (ECF No. 12). Plaintiff alleges that his constitutional rights were violated by SCDC employees when he was convicted of a disciplinary action for refusing to attend an alcohol treatment program imposed as a condition of parole. (ECF No. 1 at 3-8). Plaintiff further alleges that he was wrongfully convicted of the disciplinary action because he never accepted the parole, and as such, should not have been subject to its conditions. (*Id.*) As a result of the disciplinary conviction, Plaintiff lost canteen privileges for 30 days, telephone privileges for 30 days, and 30 days of good-time credits. (ECF No. 12). Plaintiff seeks a declaratory judgment and damages in the amount of $35,000.00. (ECF No. 1 at 9).

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed *in forma pauperis* if they are frivolous or fail to state a claim

upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Kaymani West for a Report and Recommendation. On April 14, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the petition because Plaintiff's claims are only cognizable through a federal habeas petition, and not a § 1983 complaint. (ECF No. 16 at 3-5). In reaching her decision, the Magistrate Judge relied on a line of Supreme Court precedent which holds that prisoners are not permitted to seek section 1983 relief for claims arising out of their conviction and incarceration—unless their conviction or punishment has already been invalidated in a previous proceeding—if the result of that relief would imply the invalidity of the punishment imposed. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Wolf v. McDonnell*, 418 U.S. 539 (1974).

      The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff was advised of his right to file objections to the Report. (ECF No. 16 at 6). Plaintiff was required to file objections by April 14, 2016. To date, Plaintiff has not filed any objections to the report. Accordingly, this court is required to review the Report of the Magistrate Judge for clear error.

Based on this court's review of the record, Plaintiff is no longer in the custody of the SCDC for the sentence that is the subject of this litigation. Because he is no longer in custody, the analysis in *Heck v. Humphrey* and its progeny, such as *Wilkinson v. Dotson*, is not applicable to Plaintiff. Following its decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court of the United States issued an opinion in *Spencer v. Kemna*, 523 U.S. 1, in which the plurality held that "a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." *Spencer*, 523 U.S. at 21 (J. Souter, concurring). Though the circuits are split on the issue, the United States Court of Appeals for the Fourth Circuit has held a § 1983 claim is cognizable where a prisoner seeks damages for past confinement because "a habeas ineligible former prisoner seeking redress for denial of his most precious right—freedom—should [not] be left without access to a federal court." *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008); *but see Bishop v. County of Macon*, 484 F. App'x. 753 (4th Cir. 2012) (unreported) (distinguishing its prior decision in *Wilson* to affirm a district court's dismissal of a § 1983 claim where appellant did not pursue habeas relief for a thirty-six-month period, then waited for his sentence of probation to expire before bringing a § 1983 claim). Like the appellant in *Wilson*, Plaintiff sought redress of his grievances through

SCDC's grievance process. Plaintiff received a final determination from the appropriate authorities on October 27, 2015. (ECF No. 1 at 3). Unlike the appellant in *Bishop v. County of Macon* who had a thirty-six-month period to pursue habeas relief, Plaintiff, like the appellant in *Wilson*, only had four months to pursue habeas relief, and it is unlikely that the petition would have been addressed prior to his release in March of 2016. Thus, even if Plaintiff had filed a habeas petition, once Plaintiff was released from SCDC custody, Plaintiff was no longer entitled to habeas relief. Accordingly, in this limited instance where Plaintiff's ability to seek and receive habeas relief was constrained by the short time remaining on his custodial sentence, this court finds that requiring Plaintiff to have filed a habeas petition prior to asserting this § 1983 claim would effectively leave Plaintiff without access to a federal court in order to seek redress for the alleged violations by Defendants. Therefore, Plaintiff's action should not be summarily dismissed based on the grounds as stated in the Report.

Based on the foregoing, the court **Declines to Adopt** the Magistrate Judge's Report and Recommendation (ECF No. 16). It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) is **recommitted** to the Magistrate Judge for further pre-trial handling.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 17, 2016
Columbia, South Carolina

4