UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Greene, III, | ) | C/A No. 5:16-cv-00587-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Bryan P. Stirling; | ) | |
| Jerry B. Adger; | ) | |
| Cecilia Reynolds; | ) | |
| Angelica Brown; | ) | |
| Vivian McCall; | ) | |
| Tonia Washington; | ) | |
| Tonya Nelson; | ) | |
| Sophia Richardson; | ) | |
| Sara Adger; | ) | |
| Ms. Smith, and | ) | |
| Jason Summers, | ) | |
| | ) | |
| Defendants. | ) | |

Christopher Greene, III ("Plaintiff"), proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Following initial review, the Complaint was partially dismissed as to some Defendants and served on others. ECF Nos. 25, 63. On February 21, 2017, Defendants Angelia Brown,[1] Tonia Washington, Tonya Nelson, Sophia Richardson, Sara Adger, Ms. Smith and Jason Summers filed a Motion to Dismiss. ECF No. 56. As Plaintiff is proceeding pro se, the court entered an Order on February 22, 2017 pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 57.

---

[1] Ms. Brown was improperly identified by Plaintiff in the caption of the Complaint as "Angelica Brown." ECF No. 1 at 1.

Plaintiff was specifically advised that if he failed to respond adequately by March 27, 2017, Defendants' Motion may be granted, thereby ending Plaintiff's case against them. *Id.* Plaintiff did not file a response to the Motion to Dismiss by March 27, 2017, and, on April 11, 2017, the court ordered Plaintiff to advise the court whether he wished to continue with the case. Plaintiff was ordered to file a response to the Motion to Dismiss by May 8, 2017. ECF No. 60. Plaintiff filed no response.

In light of Plaintiff's silence, it appears to the court that he does not oppose Defendants' Motion and wishes to abandon his action. Based on the foregoing, the undersigned recommends that Plaintiff's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

May 10, 2017　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).