IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Christopher Greene, | ) |
|                   Plaintiff, | ) Civil Case No.: 5:16-cv-00587-JMC |
| v. | ) **ORDER** |
| Bryan P. Stirling; Jerry B. Adger; Cecilia Reynolds; Angelica Brown; Vivian McCall; Tonia Washington; Tonya Nelson; Sophia Richardson; Sara Adger; Ms. Smith, and Jason Summers, | ) |
|                   Defendants. | ) |

*Pro Se* Plaintiff Christopher Greene ("Plaintiff"), a former inmate at Lee Correctional Institution, Lieber Correctional Institution, and MacDougall Correctional Institutions in the South Carolina Department of Corrections ("SCDC"), filed a Complaint against 1) Mr. Bryan P. Stirling; 2) Mr. Jerry B. Adger; 3) Ms. Cecilia Reynolds; 4) Ms. Angelica Brown; 5) Ms. Vivian McCall; 6) Ms. Tonia Washington; 7) Ms. Tonya Nelson; 8) Ms. Sophia Richardson; 9) Ms. Sara Adger; 10) Ms. Smith; and 11) Jason Summers ("Defendants"). Plaintiff claims that his federal constitutional rights under the First, Eighth, and Fourteenth Amendments were violated when SCDC and the South Carolina Department of Probation Parole and Pardon Services ("SCDPPPS") staff members issued disciplinary sanctions against him because he refused to attend an alcohol treatment program as a condition of parole. (ECF No. 1 at 4-9.) Plaintiff states that his disciplinary

1

sanctions include loss of canteen privileges for 30 days, loss of telephone privileges for 30 days, and loss of 30 days of good-time credits. (ECF No. 12.)  Furthermore, Plaintiff requests damages in the amount of $35,000.00, a jury trial, declaratory relief, and reimbursement of his court fees. (ECF No. 1 at 9.)  On April, 21, 2017, the court partially summarily dismissed Plaintiff's Complaint (ECF No. 1) without prejudice as to Defendants SCDC Director Bryan Stirling, SCDPPPS Director Jerry Adger, Warden Cecilia Reynolds, and Vivian McCall. (ECF No. 63.)

The Magistrate Judge's Report and Recommendation, filed on May 10, 2017, determined that Plaintiff failed to timely respond to Defendants' motion to dismiss or in the alternative motion for summary judgment ("Motion to Dismiss") (ECF No. 56) by March 27, 2017. (ECF No. 66 at 1.) On April 11, 2017, the Magistrate Judge ordered Plaintiff to inform her whether he desires to proceed with his Complaint. (ECF No. 66 at 2.) The Magistrate Judge ordered Plaintiff to file a response to the Motion to Dismiss by May 8, 2017, but Plaintiff did not comply with this Order. (*Id*.)  The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation (ECF No. 66 at 4.) However, Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. (ECF No. 66.) It is therefore **ORDERED** that Plaintiff's Complaint is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 1, 2017
Columbia, South Carolina